KANSAS CITY OIL & RICE LAND CO. et al. v. OGDEN et al.

(Court of Civil Appeals of Texas. Galveston. Oct. 19, 1911.)

ADVERSE POSSESSION (§ 80*)—ACTUAL POSSESSION—EFFECT.

Where a grantee and his grantor occupied for more than 10 years, under claim of ownership, a tract inclosed by a fence, except where a marsh and bayou served as a barrier against stock, and the parties claimed the land as bounded by lines of a survey on the ground, the grantee acquired title under the 10-year statute of limitations against one having notice of the claim, though the field notes in the patent for the tract placed it elsewhere.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 80.*]

Error to District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by E. C. Ogden and another against the Kansas City Oil & Rice Land Company, a partnership, and others, in which defendants, by cross-bill, vouched in the Texas & New Orleans Railroad Company as warrantor of title of defendants. From a judgment for plaintiffs against defendants and for defendants against the Railroad Company, defendants bring error. Affirmed.

Oliver J. Todd, Jno. T. Garrison, and Baker, Botts, Parker & Garwood, for plaintiffs in error. Taliaferro & Barry, for defendants in error.

McMEANS, J. This is a suit of trespass to try title, brought by E. C. Ogden and Thomas H. Langham, on March 26, 1907, against the Kansas City Oil & Rice Land Company, a partnership, and W. S. Corbitt, C. A. Walker, Z. R. Ashbaugh, N. Blevins, and A. Oswald, as partners, composing the partnership, and W. S. Corbitt, C. A. Walker, and A. Oswald, as trustees for said firm, defendants, to recover 160 acres of land in Jefferson county, Tex.

Plaintiffs, in addition to the ordinary allegations in suits of trespass to try title, also pleaded the 10-year statute of limitation. The defendants answered by general denial and plea of not guilty, and by cross-bill vouched in the Texas & New Orleans Railroad Company as warrantor of defendants' title. The case was tried before the court, without a jury, and resulted in a judgment for plaintiffs for the land in controversy, and for the defendant Kansas City Oil & Rice Land Company, its members and trustees, against the Texas & New Orleans Rail-

road Company for $931, being the amount of the principal and accrued interest upon its warranty. From this judgment, the defendants have appealed.

It would serve no useful purpose to discuss the appellants' assignments of error in detail, and we shall not do so.

It appears to be undisputed that the Kansas City Oil & Rice Land Company holds the record title to section 285 from and under the Texas & New Orleans Railroad Company, to whom the land was patented by the state in 1875; the patentee having conveyed it to Z. R. Ashbaugh, and the latter to the defendant Kansas City Oil & Rice Land Company. The plaintiffs, in addition to their claim of title by limitation, also claim under a special warranty deed, executed by Emile Broussard and wife, Ezenia Broussard, and Landis Broussard to W. S. Corbitt, conveying all of section 285, and under a deed of general warranty executed by said Corbitt to Anthony Oswald, conveying the southwest quarter of section 285, and, under a quitclaim deed executed by Anthony Oswald to the plaintiffs, also conveying the southwest quarter of said section.

The trial judge did not file his findings of fact and conclusions of law, but we are not for that reason left in doubt upon what grounds he based his judgment in plaintiffs' favor; for in the judgment of the court we find it recited that the court "is of the opinion that the plaintiffs herein have title by limitation to all property sued for by them, * * * and the court therefore finds that the plaintiffs are entitled to rec ver all the land sued for in their petition from all the defendants. * * *" This finding, if correct, and we think it is, obviates the necessity of further reference to the record titles of the parties, and leaves us free to discuss the facts upon which the court must have based its conclusion that plaintiffs have title to the land in controversy by limitation.

The following fact conclusions are justified by the evidence: In 1871 or 1872, Emile Broussard moved on a certain tract of land in Jefferson county, which, at that time, was a part of the unappropriated public domain, and built a house, and inclosed a field thereon, intending to pre-empt 160 acres. He remained upon the land, and in 1874 the Texas & New Orleans Railroad Company sent one Ingalls, a surveyor, to survey for it certain alternate sections of public lands in the vicinity of Broussard's settlement, with the view of procuring patents therefor. While surveying section 287, which lies south of the land in suit, some controversy arose between Broussard and the surveyor, Ingalls, whereupon Ingalls stopped the work he was on, and proceeded to survey for Broussard the 160 acres claimed by him, which included all of Broussard's improvements. Ingalls then finished surveying section 287, and proceeded to survey section 285, which, according to the contention of appellants, was surveyed so as to be east of and adjoining Broussard's survey, but which, as appellees contend, was so described by the field notes returned to the General Land Office as to embrace in its southwest corner Broussard's improvements and the 160 acres actually surveyed on the ground by Ingalls for him. There appears to be no doubt that the field notes in the patents which issued to the Texas & New Orleans Railroad Company, in 1875, for section 285, and to Broussard about the same time for the 160 acres, place the 160 acres to the west of section 285; the southwest corner of the section and southeast corner of the 160 acres being coincident. But it appears that an actual survey of the section, made on the ground according to the field notes in the patent, puts its southwest corner at the identical place where Ingalls, in running out the original lines for the 160-acre tract for Broussard, established his southwest corner, thus embracing within the southwest quarter of the section the entire 160-acre survey made by Ingalls for Broussard. It is true that Broussard's patent describes the land patented to him as lying immediately west of the 160 acres as surveyed for him by Ingalls; but it is also true that Broussard remained on and claimed the identical 160 acres in controversy, built a house thereon, and inclosed a field; that seven or eight years after it was surveyed by Ingalls he had nearly all of it inclosed, and in eight or ten years thereafter he had it all inclosed in a pasture and fields; that about four or five years after he moved on the land, and soon after section 285 had been patented to the railroad company, he was informed by a surveyor employed by the Texas & New Orleans Railroad Company, who was then making a resurvey of its lands, that the land he was living on and in controversy was a part of section 285, but he continued to live on the land, and to claim it as his own and extend his improvements, until 1888, when he sold to his son, Landis Broussard, and thereafter Landis Broussard lived on the land, using, cultivating, and claiming the same as his own, until 1903, when he sold to Corbitt. All of the 160 acres was inclosed by an outside pasture fence of wire, except in one place, where there was a marsh and bayou, or lake, which served as a barrier against stock, and claimed by Emile Broussard and his vendees as their own for more than 10 consecutive years after Broussard was notified that the tract was a part of section 285, and before the appellees purchased it in 1906, and since then it has been inclosed in a large pasture owned by appellees.

We think that under these facts, which we find from the record, in deference to the judgment of the trial court, the appellees have title under the 10-year statute of limitation, and that it is wholly immaterial where the field notes in the patent may place the 160 acres in controversy, whether in the southwestern quarter of section 285, or west of it.

We have carefully examined all of appellants' assignments of error, and are of opinion that none of them presents reversible error, and they are severally overruled.

The judgment of the court below is affirmed.

Affirmed.